**REINECKE v. LOPER (two cases).**

Civ. Nos. 833, 834.

District Court for the District of Hawaii.

May 1, 1948.

334

Harriet Bouslog and Myer C. Symonds, both of Honolulu, Hawaii, for plaintiff.

Walter D. Ackerman, Jr., Atty. Gen. of Hawaii, Robert B. Griffith and Rhoda V. Lewis, Deputy Attys. Gen., for defendant.

Before BIGGS, Circuit Judge and METZGER and HARRIS, District Judges.

PER CURIAM.

In the suits at bar, the plaintiffs, the Reineckes, seek to enjoin the Commissioners of the Department of Public Instruction of the Territory of Hawaii, and others, including the Governor of the Territory, from trying them or causing them to be tried on certain charges brought against them by the Superintendent of Public Instruction of the Territory. These in substance, subsequent amendments aside,[1] charge the plaintiffs with the offense of being members of the Communist Party of the Territory of Hawaii. The Communist Party of the Territory is asserted to be affiliated with the Communist Party in the United States and with that now extant in the Union of Soviet Socialist Republics. It is alleged also that the Communist Party of the Territory is a secret association within the purview of the Secret Associations Statute of Hawaii, Revised Laws of the Territory of Hawaii

[1] The Attorney General of the Territory of Hawaii announced in open court during the course of the argument that he would consent to decrees enjoining him from relying on the Secret Associations Statute or any part thereof in trying the charges against the plaintiffs before the Commissioners. In the view we take of these cases it is unnecessary for this court to decide the effect of this offer or to act on it, or to treat with any changes of position made by the defendants.

1945, Chapter 281, Sections 11641 to 11647, inclusive. It is charged as well by the Superintendent of Public Instruction that by reason of the plaintiffs' alleged association with the Communist Party, neither of them possess ideals of democracy and that therefore they may be deprived of their teaching offices in the Public Schools of the Territory and of their tenures as teachers pursuant to the Revised Laws of Hawaii Chapter 28, Sections 1744, 1746 and 1747.

In letters, accompanying the charges addressed to the plaintiffs by the Superintendent of Public Instruction, they are called upon to answer the charges and to appear for the trial and disposition thereof at hearings to be had before the Commissioners of Public Instruction. By the terms of the letters the plaintiffs were suspended without pay pending disposition of the charges by the Commissioners, a condition of the suspensions providing nonetheless that, if the trials of the charges before the Commissioners do not result in dismissals of the plaintiffs, they will be entitled to reinstatements and to their pay during the periods of suspension.

In the complaints at bar the plaintiffs pray not only for permanent injunctions prohibiting the Commissioners and the other public officials named in the complaints from proceeding to trials of the charges as has been stated, but they seek also immediate reinstatement to their positions. It should be noted that the complaints allege jurisdiction to be vested in this court by virtue of the Civil Rights Act of the United States, Title 8, U.S.C.A. §§ 41, 43, 44 and 46, and by reason of the provisions of the I, V, VI, and XIV Amendments to the Constitution of the United States. The complaints assert that the Secret Associations Act is unconstitutional and pray for the designation of a three-judge court pursuant to Section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380, to adjudi-

cate the cases. This court, by the Senior District Judge thereof, issued restraining orders in both cases and summoned two other judges,[2] one of them a Circuit Judge, to his assistance in disposing of the causes. The defendants have filed motions to strike portions of the complaints on the ground that they are immaterial and impertinent, to dismiss the actions in toto, and for summary judgments in favor of the defendants. The cases were brought on for argument before a court consisting of three judges. Briefs were filed and extended argument was had.

We will deny the motions to strike portions of the complaints on the ground of lack of relevancy, for the extended argument and the briefs of the parties have demonstrated that all the allegations thereof may be material. The motions for summary judgments in favor of the defendants will be denied also since this court has jurisdiction of the cases, though the circumstances alleged are not such as will presently move our equitable discretion. For the reason last stated the motions for the dismissal of the actions will be granted.

█ It is a well established principle of law that where matters peculiarly within the purview of an administrative body are before it for disposition, a court of the United States will not (other than by way of a restraining order) enjoin the administrative process unless the circumstances alleged demonstrate that irreparable harm and injury will occur to an individual by reason of the application of an unconstitutional law or by the illegal application of a statute otherwise valid. This principle is set forth by the Supreme Court of the United States in Natural Gas Co. v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199, 82 L. Ed. 276, and the authorities therein cited. The qualifications of the plaintiffs as school teachers lie peculiarly within the province of the Commissioners of Public Instruction of the Territory of Hawaii. The plaintiffs

---

[2] Circuit Judge Biggs was designated to the Ninth Circuit by order of Mr. Chief Justice Vinson and subsequently designated to the District Court of Hawaii by Senior United States Circuit Judge Garrecht. Judge Harris was designated to the District Court of Hawaii by order of Judge Garrecht. See Title 28 U.S.C.A. §§ 17, 18, 19, 21, 22, and 23. See also Section 5 of the Act of August 24, 1937, 50 Stat. 753, 28 U.S.C.A. §§ 17, 349a, 380a, 401 notes. Cf. Id. Section 380. See also Section 86, Organic Act of Hawaii, 48 U.S.C.A. §§ 641–645.

were suspended prior to the filing of the complaints but no final action has been taken by the Commissioners on the charges brought by the Superintendent of Public Instruction which would deprive them permanently of their teaching offices or tenures. While it is true that at the trials before the Commissioners the plaintiffs may be deprived of their teaching offices and of their tenures such, however, may not be the result. The plaintiffs in fact may be reinstated and made whole as to pay. We point out that the Commissioners of Public Instruction and the public officials of the Territory of Hawaii are as fully subject to the provisions of the Civil Rights Act and of the Constitution of the United States as are we ourselves. The Commissioners must properly apply the law and afford the plaintiffs full and fair hearing. If the plaintiffs are illegally deprived of their offices and tenures by the Commissioners, they may then state causes of action which may not only be cognizable in this court under the Civil Rights Act but also of such a nature as to require a Federal court of equity to exercise its jurisdiction on their behalf. Concerning any possible future suit or suits we, of course, presently express no opinion. We are of the view, however, that the suits at bar are at best premature, and in the exercise of what we deem to be our sound legal discretion we will dismiss the actions.

The question of whether this court sits as a three-judge court pursuant to Section 266 of the Judicial Code, as amended, Title 28 U.S.C.A. § 380, or as a court of three judges of the District Court of Hawaii sitting en banc need not presently be decided since the question is pertinent only as it affects the course of any appeal which may be taken by the plaintiffs from our decision. This is true because, as appears, our decision to dismiss the actions is unanimous. In the opinion in the case of Mo Hock Ke Lok Po v. Stainback, D.C.D.Hawaii, 74 F.Supp. 852, the question of the application of Section 266 was discussed at length by the court, Circuit Judge Den-

man dissenting. We are informed that the cited case is presently on appeal but that that appeal has been taken only in the last few days. The question of the applicability of Section 266 to the District Court of Hawaii is a difficult one which cannot be lightly or quickly disposed of and we do not propose to presently pass on it. We consider it of prime importance both to the plaintiffs and to the public that the status of the plaintiffs be determined by the Commissioners as promptly as may be.[3]

Orders will be entered in conformity with this opinion.

---

[3] The charges were made by the Superintendent of Public Instruction against the plaintiffs on November 25, 1947. The complaints were filed in this court on December 12, 1947. The delay in disposition has resulted in circumstances over which the District Court of Hawaii has had no control.