McTERNAN v. RODGERS et al.

No. 31426.

United States District Court
N. D. California, S. D.

June 24, 1953.

———◆———

Martin J. Jarvis, San Francisco, Cal., Gladstein, Andersen & Leonard, Allan Brotsky, San Francisco, Cal., for plaintiff.

Chauncey Tramutolo, U. S. Atty., and Charles E. Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant, Edward H. Hickey, William P. Arnold and Roger G. Kennedy, Attys., Dept. of Justice, Washington, D. C., of counsel.

GOODMAN, District Judge.

Plaintiff, an attorney at law, was a commissioned officer in the United States Naval Reserve in active duty from October 30, 1942 until May 24, 1946, when he was officially and honorably separated from active status. Since that time he has held the rank of lieutenant in the United States Naval Reserve. He has been continuously a practicing attorney since his honorable separation from active duty in the navy in May 1946.

In August of 1951, the defendant Rodgers, as Commandant of the Twelfth Naval District and on behalf of the Bureau of Personnel of the Navy, notified plaintiff that, pursuant to certain directives of the Secretary of the Navy, an investigation had been conducted relating to plaintiff's conduct and associations, which, the notification stated, tended to cast doubt upon his loyalty. The notification further informed plaintiff that he could reply to interrogatories submitted therewith or submit a statement of his own. Thereafter, in November of 1951, plaintiff submitted such a statement, together with his resignation as an officer in the United States Naval Reserve. The offer of resignation was rejected and plaintiff was informed that his resignation would be accepted only if it were tendered in a form which would result in his discharge under conditions other than honorable. This procedure, plaintiff refused to follow.

Thereafter in January of 1952, plaintiff was notified by defendant Rodgers that hearings would be conducted before a board consisting of defendants Teuscher, Klak and Schofield. Such hearings were had, which plaintiff and his counsel attended. The last of these hearings was on April 8, 1952. On the next day this action was commenced. By it, plaintiff seeks to restrain defendants, both pendente lite and permanently, from conducting any further proceedings on the ground that (1) the Navy lacks power to conduct such hearings as to plaintiff; (2) the hearings are not full and fair as required by section 6 of the Naval Reserve Act of 1938, 34 U.S.C.A. § 853(d); (3) the hearings are violative of the fifth amendment in that plaintiff is deprived of the right to confront witnesses because of the non-disclosure of the identity of the witnesses against him, and is deprived of the right to cross-examine such witnesses and also of the right of compulsory process to compel the attendance of witnesses on his own behalf.

Upon the filing of the complaint, the court issued an order directed to the defendants requiring them to show cause why an injunction pendente lite should not issue. Subsequently, defendants filed a motion to dismiss the complaint; hearing thereon was had on June 24, 1952 and plaintiff's application for injunction pendente lite and defendants' motion to dismiss were submitted to the court upon briefs to be thereafter filed. The final brief of the parties was not filed until April 13, 1953.

At the hearing on June 24, 1952, the government advised the court that the defendants voluntarily would desist from, and the defendants have in fact refrained from, conducting further hearings or proceedings respecting the plaintiff, pending the court's decision on the application for injunction and the motion.

It is not necessary to reach and therefore pass upon plaintiff's contention that defendants lack power to conduct the attacked proceedings or as to constitutional infirmities therein.

The motion to dismiss must be sustained upon the ground that the cause is not ripe for equitable relief, inasmuch as the administrative proceedings under attack have not been terminated. Reinecke v. Loper, Hawaii, 1948, 77 F.Supp. 333, and cases therein cited. No irreparable injury or harm to the plaintiff, which might constitute an exception to the Reinecke rule,[1] is shown in the allegations of the complaint. Until some adverse administrative decision is made, plaintiff has only fears, but no immediate irreparable damage.

It is not amiss, however, to point out that if defendants insist upon pursuing summary proceedings, pursuant to the so-called loyalty security program, despite plaintiff's willingness to resign, such proceedings will abort for constitutional infirmity. For the validity of such proceedings, lacking in the normal essentials of due process, must rest upon the Executive finding[2] that they are required for national security.[3] Since the plaintiff offers to separate himself from the naval service, no requirement of national security justifies the summary administrative proceeding. Hence, if the defendants proceed under these circumstances, it would appear that plaintiff would be entitled to the full hearing which due process under military law would normally require for any disciplinary or court-martial proceeding.

Motion to dismiss granted.

1. Public Utilities Commission of Ohio v. United Fuel Gas Co., 1943, 317 U.S. 456, 468–469, 63 S.Ct. 369, 87 L.Ed. 396; Columbia Broadcasting System v. United States, 1942, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563; Parker v. Lester, D.C. 1953, 112 F.Supp. 433; Recber v. Rossell, D.C.,S.D.N.Y.1950, 91 F.Supp. 108.

2. The proceedings which plaintiffs have instituted flow from Executive Order No. 9835, March 21, 1947, 12 F.R.1935 (1947), 3 C.F.R. 132 (1947 Supp.), 5 U.S.C.A. Cum.Supp. § 631 note. as implemented by directives issued by the Secretary of the Navy in Letter No. 49–15, January 10, 1949, and by the Chief of Naval Personnel in Circular Letter No. 4–49, January 10, 1949.

3. For discussion of the extent to which the interests of national security will bring summary administrative action within the bounds of due process see Hirabayashi v. United States, 1953, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Korematsu v. United States, 1944, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194; Parker v. Lester, D.C.,N.D.Cal.1953, 112 F.Supp. 433; Von Knorr v. Miles, D.C.Mass.1945, 60 F.Supp. 962, reversed on other grounds sub nomine Von Knorr v. Griswold, 1 Cir., 1946, 156 F.2d 287.