**BREINER et al. v. WALLIN, Commandant Naval Shipyard et al.**

Civ. A. No. 7694.

District Court, E. D. Pennsylvania.

Dec. 9, 1947 and March 12, 1948.

Isaac G. Gordon Forster, of Philadelphia, Pa., and Claude L. Dawson, Gen. Counsel Federal Employees Veterans Association of Washington, D. C., for plaintiffs.

Gerald A. Gleeson, U.S.Atty., and Edward A. Kallick, Asst. U. S. Atty., both of Philadelphia, Pa., for defendants.

GANEY, District Judge.

The issues in this action are brought to a head by the defendants' motion for a summary judgment and in the alternative to dismiss the complaint under Rules 56(b) and 12(b), respectively, of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action was brought by nine plaintiffs, on behalf of themselves and others similarly situated persons who are members of the Federal Veterans Association, who may care to join therein, for an injunction to restrain the defendants, the Commandant and lesser officials of the Philadelphia Naval Shipyard, from allegedly violating Sec. 4 of the Act of 1912[1] and the Veterans' Preference Act of 1944.[2] With their complaint, the plaintiffs have filed a motion for a preliminary injunction.

The facts obtained from the complaint may be briefly stated as follows: The plaintiffs, who are honorably discharged soldiers or sailors of the United States, are and have been employed for a number of years under the classified service of the civil service of the United States at the Philadelphia Naval Shipyard; each of them has a record the rating of which is at least "good". Between July 8th and August 13, 1947, inclusive, they each received written notice from the Industrial Relations Officer of the Naval Shipyard informing them that there would be a readjustment of the supervisory force, and that they would be demoted in rank and salary, effective thirty to sixty days from the date of notice, while other competing employees who are not ex-service men would be demoted to fill their vacated positions and while others, who are also nonveterans, of the rank from which they (the plaintiffs) were to be demoted would be retained. The readjustment of the supervisory force was to be made because of a reduction in force at the Naval Shipyard. The reason given in the notices for the proposed demotions of the plaintiffs was the promotion of the efficiency of the service.

From affidavits submitted by the parties, it is learned that in order to forestall their proposed demotions, the plaintiffs appealed to the Third Regional Office of the United States Civil Service Commission. With respect to one of the plaintiff's appeals, the Regional Office sustained the proposed action of the shipyard officials and as a consequence this particular plaintiff has been demoted in rank and salary; however on a request for a reconsideration, the Regional Office has reopened his case. On September 2, 1947, while their cases were still pending before the Regional Office, the plaintiffs brought their action for an injunction. In a preliminary hearing held on September 11, 1947, pending the action of this Court, the defendants agreed to hold in abeyance the future demotions of eight of the plaintiffs; but they declined to rescind the demotion action taken prior to that date with respect to one of the plaintiffs.

The basis for the defendants' motion or motions is that this action is prematurely brought because the plaintiffs must exhaust their administrative remedies before seeking the aid of this court. It has long been settled that one is not entitled to judicial relief from injury or threatened injury until the prescribed administrative remedies have been pursued by him. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; McCauley v. Waterman Steamship Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839. "The doctrine, wherever applicable, does not require merely the initiation of prescribed administrative procedures. It is one of exhausting them, that is, of pursuing them to their appropriate conclusion and, correlatively, of awaiting their final outcome before seeking judicial intervention". Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796. The plaintiffs do not dispute this doctrine, but point out that there is an exception to the rule and that this case falls within it. The exception to the rule may be stated as follows: Where a statute, which com-

[1] Act of August 23, 1912, c. 350, 37 Stat. 413, as amended, 5 U.S.C.A. § 648.

[2] Act of June 27, 1944, c. 287, 58 Stat. 387–391, as amended, 5 U.S.C.A. §§ 851–869.

mands an official of the government to perform, or prohibits him from performing, an act in a particular situation is so clear as to be free from doubt as to what it prescribes, a court will enjoin a violation of the Act even though the victim has not pursued his administrative remedies. Roberts v. United States, 176 U.S. 221, 229–231, 20 S.Ct. 376, 44 L.Ed. 443; Waite v. Macey, 246 U.S. 606, 38 S.Ct. 395, 62 L.Ed. 892; Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901; Farley v. United States, 67 App.D.C. 382, 92 F.2d 533. But compare Borak v. Biddle, 78 U.S.App.D.C. 374, 141 F.2d 278. In connection with these cases, see United States ex rel. Dunlop v. Black, 128 U.S. 40, 48, 9 S.Ct. 12, 32 L.Ed. 354; Wilbur v. United States ex rel. Kadri, 281 U.S. 206, 218–222, 50 S.Ct. 320, 74 L.Ed. 809; United States ex rel. McLennan et al. v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; Hammond v. Hull, 76 App.D.C. 301, 131 F.2d 22. Therefore the determination as to whether this court will grant the relief sought depends on how clear the Congressional intent is expressed in the statutes involved. If it is too clear to admit of reasonable difference of opinions, an injunction may be issued; if not, the injured party must first pursue his administrative remedies.

■ Section 4 of the Act of 1912, as amended, which after providing for the establishment of a system of efficiency ratings for the classified services in the several executive departments in the District of Columbia and providing that all promotions and dismissals shall be governed by the provisions of the civil-service rules states: "In the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary".[3] It seems to us that the meaning of the quoted portion of Sec. 4 of the Act is clear and leaves little or no room for misinterpretation. As long as the position in which the honorably discharged veteran (preference eligible) is employed is in existence, and his record is rated at least good, and non-veterans are being retained in the same position with no decrease in pay, the preference eligible is not subject to demotion or dismissal[4]. Of course it is equally clear that this section of the Act and subsequent Executive orders and rules promulgated pursuant thereto did not confer upon the preference eligible a vested property right in his position in governmental employment. Under certain circumstances, not involved in this case, a preference eligible could be reduced in rank or dismissed. For example, when a preference eligible's conduct in the performance of his duty is detrimental to the maintenance of discipline or prejudicial to the service or his efficiency rating falls too low, he may be demoted or dismissed so that the efficiency of the service may be maintained. Thus prior to the Veterans' Preference Act of 1944, a preference eligible could have been demoted for cause under Sec. 6[5] of the Act of 1912. See Longfellow v. Gudger, 57 App.D.C. 50, 16 F.2d 653. However this latter section could not be used to circumvent the clear command of Sec. 4 of the Act.

■ We now pass to the question whether the Veterans' Preference Act of 1944 has changed, in clearly expressed terms, the rights of the plaintiffs as they existed prior to the Act. In this Act, Congress has attempted to codify or establish by statute veterans' preference in governmental employment[6]. Section 2[7] of the Act sets forth the prerequisites for determining who are to be given preference in the certification for appointment and in the retention of civilian positions in all establishments of the Government. Section 12[8] provides

---

[3] The practical effect of Executive Order No. 3801, issued March 3, 1923, was to make Sec. 4 of the Act of 1912 applicable to all ex-service men employed by the Government. To our knowledge, it does not appear that this order has been revoked or superseded by subsequent ones.

[4] See 34 Op.Atty.Gen. 159.

[5] 5 U.S.C.A. § 652.

[6] 1944 U.S.Code Congressional Service, p. 1154.

[7] 5 U.S.C.A. § 851.

[8] 5 U.S.C.A. § 861.

among other things that in any reduction in personnel in the civilian service of any Federal agency, preference employees whose efficiency ratings are "good" or better shall be retained in preference to all other competing employees. Section 14[9] provides that no preference eligible who has completed a probationary or trial period employed in any establishment of the government shall be reduced in rank or compensation except for such cause as will promote the efficiency of the service and for reasons given in writing, with the right of appeal to the Civil Service Commission. This section has been amended[10] to provide that it shall be mandatory for the administrative officer to take such corrective action as the Commission finally recommends. Section 18[11] provides: "All Acts and parts of Acts inconsistent with the provisions hereof are hereby modified to conform herewith, and this chapter shall not be construed to take away from any preference eligible any rights heretofore granted to, or possessed by, him under any existing law, Executive order, civil-service rule or regulation, of any department of the Government or officer thereof". Finally Sec. 19[12] provides: "It shall be the authority and duty of the Civil Service Commission in all cases under the classified civil service to make and enforce appropriate rules and regulations to carry into full effect the provisions, intent, and purpose of this chapter and such Executive orders as may be issued pursuant thereto and in furtherance thereof".

The defendants take the position that the Act of 1912 has been superseded by the Act of 1944 and that therefore the plaintiffs may be reduced in rank "for such cause as will promote the efficiency of the service" by virtue of Sec. 14 of the latter Act. On the other hand, the plaintiffs contend that the rights given them under the Act of 1912 has been preserved by Sec. 18 of the Act of 1944 and that Sec. 14, which they claim has no application to the factual situation in this case, may not be used to take away those rights. Although we are inclined to agree with the plaintiffs' inter-

pretation, we cannot say that the intent of the Act is so clear that reasonable minds could not differ in construing it. Nor can we say that the defendants' interpretation, which is in fact that of the Civil Service Commission, is unreasonable. Therefore, it would seem to follow that injunctive relief at this state of the proceedings is inappropriate and that the plaintiffs should be left to pursue their administrative remedies. In reaching this result, we are aware that the case of Wettie et al. v. Hague, D.C.Mass., 74 F.Supp. 396 has done likewise but by different reasoning.

Defendants' motions are allowed.
Sur Petition for Rehearing

GANEY, District Judge.

This is a petition for a rehearing of our ruling granting the respondents' motions for summary judgment and in the alternative to dismiss the complaint. With their petition the petitioners have submitted portions of the Congressional Record, Senate and House reports, and copies of the opinions of the Attorney General of the United States having some bearing on the interpretation of the Veterans' Preference Act of 1944 to substantiate the position previously taken by them. The very fact, it seems to us, that extrinsic evidence must be adverted to in order to maintain their contended interpretation of the Act lends support to our holding that the intent of Congress as expressed in the Act, with reference to the issues before us, is not so clear on its face that reasonable minds could not differ in ascertaining it. We, of course, have not held and we do not now, that the petitioners may not, in an appropriate and timely action, have the Act construed by the Federal Courts. All we have held is that they must first exhaust their administrative remedies and await their final outcome before coming here. By so doing, the seeking of the aid of the Federal Courts by the petitioners may become unnecessary.

Petition denied without prejudice.

---

[9] 5 U.S.C.A. § 863.
[10] Act of August 4, 1947, (Public Law 325, 80th Cong.).

[11] 5 U.S.C.A. § 867.

[12] 5 U.S.C.A. § 868.