**FISCHER et al. v. HAEBERLE et al.**

Civil No. 9296.

United States District Court
E. D. New York.

Oct. 28, 1948.

Anthony P. Savarese, Jr., of Jamaica, N. Y., and Claude L. Dawson, of Washington, D. C. (Vincent J. Ferrari, of Glendale, N. Y., of counsel), for plaintiffs.

J. Vincent Keogh, U. S. Atty., and Nathan Borock, Asst. U. S. Atty., both of Brooklyn, N. Y., and Eugene T. Maher, Atty., Department of Justice, of New York City, for defendants.

GALSTON, District Judge.

These are counter-motions. The plaintiffs seek a preliminary injunction; and the defendants move to dismiss the complaint or for summary judgment.

The twenty-eight plaintiffs are wartime veterans who are working at the New York Navy Yard as civilian employees. They seek to be restored to positions from which they were demoted.

It is alleged in the complaint that the defendant Haeberle, in conformity with the authority of the Honorable John L. Sullivan, Secretary of the Navy, and pursuant to various directives from the Bureau of Ships, issued orders directing a reduction in the supervisory force in the shipyard. From the defendants' affidavits it appears that due notice was given to each of the plaintiffs of his proposed demotion, which notice also set forth the reasons for such demotion. Each of the plaintiffs was thus notified that he was less well qualified than any competing employee, either veteran or non-veteran, to remain in the supervisory grade he had held. Following a review of each case by the defendant Haeberle, who affirmed the demotions, each of the plaintiffs appealed to the United States Civil Service Commission. These appeals are still pending.

The complaint alleges that since the plaintiffs had efficiency ratings of "good" or better at the time of the demotions, they were entitled to mandatory preference over all competing non-veterans under the Act of August 23, 1912, as amended, 37 Stat. 413, as amended by 39 Stat. 15, 5 U.S.C.A. § 648; and that since competing non-veteran employees had been retained in the various supervisory grades held by the plaintiffs before the alleged demotions, such action of the defendants was unlawful.

The defendants, in support of their motion, assert in substance that the demotions were lawful, for they were based not upon any reduction in force, but on the conclusion that the plaintiffs' qualifications were lower than those of the non-veterans retained at the higher grades. They argue that the Veterans Preference Act of 1944 is controlling—more specifically Sec. 14 thereof, 5 U.S.C.A. § 863—rather than the Act of 1912; and that under the provisions of the Act of 1944 the only mandatory preference given to veterans is the prohibition against separation or discharge (see Sec. 12, 5 U.S.C.A. § 861). Demotions, it is contended, are a valid exercise of the authority granted by Sec. 14 of the Act of 1944, "for such cause as will promote the efficiency of the service."

Collaterally it is also urged that this court has no jurisdiction to enforce the provisions of the Act of 1944, as the Act does not provide for recourse to the courts; and that the sole remedy available to the plaintiffs under the Act of 1944 is an appeal to the Civil Service Commission. Furthermore, and in any event, the defendants contend that the plaintiffs may not maintain this action at present because they have not exhausted their administrative remedies. Additional objections are made that (1) this is an action in the nature of an original action for a writ of mandamus over which this court has no jurisdiction; and (2) that the complaint fails to state a cause of action since it fails to show the requisite jurisdictional amount in controversy.

First in respect to the jurisdiction of the court: It is well established

that when the United States creates rights in individuals against itself, it is under no obligation to provide a remedy through the courts. Lynch v. United States, 1934, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434. It is also the general rule that no jurisdiction exists to entertain a suit against the United States in the absence of express Congressional consent. On the other hand, the Supreme Court has held that the silence of Congress as to judicial review of orders of an administrative body is not necessarily to be construed as a denial of the power of federal courts to grant relief in the exercise of the general jurisdiction which Congress has conferred upon them. The authority for judicial review may be found in the existence of courts and the intent of Congress as deduced from statutes and precedents. Stark v. Wickard, 1944, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733. There the actions of the Secretary of Agriculture under the Agricultural Marketing Agreement Act of 1937, 50 Stat. 246, were held subject to judicial examination, although the statute was silent as to judicial review.

There are analogous situations where claims created by statutes which prescribe no appeal to the courts have been enforced against the Government. In Miguel v. McCarl, Comptroller General et al., 1934, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901, the Comptroller General was enjoined from interfering with the payment by the Government disbursing officer of claims of the plaintiff for retired military pay and allowances; and the disbursing officer was compelled to pay or cause to be paid to petitioner such retired pay and allowances as were due him. Likewise, in Dismuke v. United States, 1936, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561, it was held that an administrative decision rejecting, on a pure question of law, a claim for annuity under Sec. 8(a) of the Civil Service Retirement Act of 1933, 48 Stat. 283, 305, 5 U.S.C.A., § 692d, now 5 U.S.C.A. § 736a, was reviewable by the District Court, although the Retirement Act was silent as to judicial review. The Supreme Court declared that the power of an administrative officer will not, in the absence of a plain command, be deemed to extend to the denial of a right which the statute creates (as opposed to a right the existence of which the statute authorizes the administrative officer to decide within his discretion) and to which the claimant is entitled.

Furthermore, although the Veterans Preference Act of 1944 is silent as to judicial review of agency action, the Administrative Procedure Act of 1946 provides for such review. Act of June 11, 1946, 60 Stat. 237, as amended, 5 U.S.C.A. §§ 1001–1011.

Sec. 2 of the Administrative Procedure Act defines "agency" as meaning "each authority (whether or not within or subject to review by another agency) of the Government of the United States other than Congress, the courts, or the governments of the possessions, Territories, or the District of Columbia." 5 U.S.C.A. § 1001(a).

Sec. 10 of the Act provides for judicial review of agency action, except so far as (1) statutes preclude judicial review, or (2) agency action is by law committed to agency discretion. The Veterans Preference Act of 1944 does not, by express words, preclude judicial review; nor is the question of statutory construction one of administrative discretion. Subsection (c) of Sec. 10 declares that "Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action * * *." 5 U.S.C.A. § 1009(c)

Subsection (e) of Section 10, in setting forth the scope of review, provides that the courts can " * * * hold unlawful and set aside agency action, findings, and conclusions found to be * * * in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C.A. § 1009(e).

It would seem, therefore, that there is authority for this court to exercise jurisdiction in reviewing administrative ac-

tion taken under the Veterans Preference Act of 1944. This view is in accord with Hilton v. Sullivan, 1948, 334 U.S. 322, 323, 768 S.Ct. 1020, for obviously in that case the court acted and apparently the right of judicial review was not raised.

The question then arises whether such jurisdiction should be exercised in the present stage of the proceedings. If the doctrine be applicable that where an administrative remedy is provided by statute, such remedy must be exhausted before judicial intervention may be sought, the plaintiffs are not entitled to the relief they seek.

Sec. 4 of the Act of 1912 provides that

"The Bureau of Efficiency shall, subject to the approval of the President, establish * * * efficiency ratings for the classified service in the *several executive departments in the District of Columbia.*" * 5 U.S.C.A. § 648.

The provision in the Act of 1912 stating that no honorably discharged veteran employed in the executive departments having a rating of good, "shall be discharged or dropped or reduced in rank or salary," was extended to the federal service generally by the Executive Order 3801 of March 3, 1923. The authority for the making of such an executive order is apparently based upon R.S. § 1753, Sec. 2, 22 Stat. 403, 5 U.S.C.A. §§ 631 and 633, which authorizes the President to prescribe regulations for admission into the civil service.

But granting that the provisions of the Act of 1912 were thus validly extended, it would seem that the plaintiffs should rely upon the Veterans Preference Act of 1944 rather than on the Act of 1912. It was Congress's intention in passing the Act of 1944 to make such legislation the basis for all future veterans' preference rights. On page 3 of House Report #1289 of the 78th Congress, 2nd session, reporting out H.R. 4115—which became the Veterans Preference Act of 1944—it is said:

"For a number of years proposals have been introduced in Congress to codify or establish by statute veterans' preference in governmental employment. * * * This bill is an attempt to meet the requirements of such an act."

The next paragraph continues:

"The committee (Committee on the Civil Service) is of the opinion there should be put in one statute all provisions granting military preference in connection with civilian employment by the Government * * *."

Furthermore, House Report No. 1289 expressly declares that the intention was to have the Act of 1944 supersede the Act of 1912 (as well as earlier statutes) as to veterans' preferences.

It may be noted that even were the plaintiffs to base their case primarily upon the Act of 1912 as extended by the Executive Order 3801 of March 3, 1923, there is provision therein for an appeal to an administrative agency; and the doctrine of the exhaustion of administrative remedies would be applicable. The statute specifically states:

"All promotions, demotions, or dismissals shall be governed by provisions of the civil-service rules." 5 U.S.C.A. § 648.

The rules of the Civil Service Commission, prior to the Veterans Preference Act of 1944, expressly provided for an appeal to the Civil Service Commission, 5 C.F.R. 12.301 to 12.313 (1943). The regulations were promulgated as a reduction in force procedure. Since the plaintiffs claim that their demotions arose out of a reduction in force, these regulations would be applicable. In fact, by their voluntary action in appealing to the Civil Service Commission, the plaintiffs tacitly recognize this right of appeal.

The doctrine of the exhaustion of administrative remedies is an accepted rule in the federal courts, Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; and it is a salutary one. In line with the basic theory of the separation of powers which underlies the Constitution and the form of government established thereunder, a fundamental canon of judicial conduct is to avoid judicial interference with legislative or administrative action unless it is clear

---

* Emphasis added.

that such action immediately threatens legal rights.

■ As already noted, the plaintiffs voluntarily elected to appeal to the Civil Service Commission, and such appeal is now pending. Considerations of orderly procedure should require that matters within the jurisdiction of the administrative commission be determined by it before the courts will act. Otherwise a situation would be created in which various phases of the same case would be pending before the commission and the courts at one and the same time. Furthermore, if the court exercised its jurisdiction now there might well arise the anomalous situation of the commission deciding for the plaintiffs before there was any decision of this court, making the court action abortive.

■ The Court of Appeals decision in Wettre v. Hague, 1 Cir., 1948, 168 F.2d 825, holding that a demoted preference veteran seeking relief under the Veterans Preference Act of 1944 is not required to exhaust his administrative remedies, is distinguishable from the instant case. The petitioners there had no appeal pending before the Civil Service Commission. The decision can be construed as holding that there is concurrent jurisdiction in the Civil Service Commission and the courts; it cannot, however, be construed as holding that such jurisdiction can be exercised concurrently. It is within the discretion of this court to refuse to give equitable relief where the party so requesting it has taken steps to obtain statutory administrative relief and the determination of such relief is still pending.

■ There is no showing that an appeal to the Civil Service Commission was abandoned, or that such appeal would either be futile or an inadequate remedy at law. Further, since the Veterans Preference Act of 1944, as amended, provides that it shall be mandatory for an administrative officer "to take such corrective action" as the Commission finally recommends (58 Stat. 390, as amended Aug. 4, 1947, 61 Stat. 723, 5 U.S.C.A. § 863) there is no abuse of "any immediate legal rights". The authority to take "corrective action" would allow the Commission to reinstate the plaintiffs and grant back pay if it saw fit to do so. Wettre v. Hague, D.C.1937, 74 F.Supp. 396, 399.

Moreover, since the Government does not admit nor concede that the plaintiffs' demotions were connected with any reduction in force, an issue of fact exists, which precludes a determination of the case on motions. Thus the court may exercise equitable discretion to give the agency specifically designated in the Act of 1944 the first opportunity to pass on the issue. Order of Ry. Conductors of America et al. v. Pitney et al., 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. In this case the Supreme Court had to consider to what extent a Federal District Court, having charge of a railroad reorganization under section 77 of the Bankruptcy Act, 11 U.S. C.A. § 205, had the power to adjudicate a jurisdictional dispute involving the railroad and two employee accredited bargaining agents in view of the provisions in the Railway Labor Act, 45 U.S.C.A. § 151 et seq., giving such power to the administrative agency established thereunder. It was held that the District Court should not have interpreted the agreements for purposes of final adjudication, but should stay dismissal of the cause so as to afford the administrative agency the first opportunity to pass on the issue.

■ There is no question that this court has the power to stay proceedings before it. Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153, declared that such power is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.

In consequence, both the motion of the plaintiffs for a preliminary injunction and the motion of the defendants for summary judgment or dismissal of the complaint will be denied; and the trial of the case will be stayed pending the action of the Civil Service Commission on the appeals of the plaintiffs. Following the action of the Commission, the stay will be deemed terminated and the parties may renew these motions or pursue such other remedies as may then be available.

Finally, though the point was not urged, it is suggested to counsel that they consider whether in this case the Secretary of the Navy is not an indispensable party. See Daggs v. Klein et al., 9 Cir., 169 F. 2d 174.

Settle orders on notice.