**JOHNSON v. WAR ASSETS ADMIN-ISTRATION.**

**No. 9653.**

United States Court of Appeals Seventh Circuit.

Jan. 5, 1949.

W. E. Gierach, of Chicago, Ill., for appellant.

Otto Kerner, J., U. S. Atty. and John Peter Lulinski, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, SPARKS, Circuit Judge, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiffs appeal from an order dismissing their amended complaint for want of jurisdiction.

The averments of the original complaint, in which one W. E. Johnson was plaintiff and War Assets Administration, Region V, Otto Klein, Regional Director, and Peter Risty, Personnel Officer were defendants, may be summarized as follows: Johnson, an honorably discharged soldier, was employed on September 21, 1945, as an Examiner for the War Assets Administration, Region V, and subsequently promoted to the position of Administrative Assistant. His efficiency rating had always been "good" or above "good." In November, 1947 he received a "reduction-in-force" notice, terminating his employment, although numerous other persons who were not veterans

but who were classified as "permanent status" employees continued to be employed. Johnson was not a "permanent status" civil service employee, but averred that Section 4 of the Soldiers and Sailors Act of 1912, Title 5, § 648, U.S.C.A., gave him an absolute retention preference over any nonveteran. Section 4 of that act reads, in part, as follows: "In the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary." Relying on this statute, plaintiff prayed judgment declaring the reduction-in-force notice void and enjoining defendants from preventing plaintiff from continuing in his employment.

An amended complaint, in two counts, purported to be a class action, in which the original plaintiff and all other persons in the same class, were plaintiffs, and the War Assets Administration, Region V; Otto Klein, Regional Director; Peter Risty, Personnel Officer, and the United States Civil Service Commission, the Seventh United States Civil Service Commission, and all departments and agencies of the United States Government subject to the jurisdiction of the United States Civil Service Commission, defendants.

The first count of the amended complaint contained substantially the same averments as the original complaint. The second averred that the Civil Service Commission, pursuant to the authority vested in it by divers and numerous statutes, resolutions and executive orders, has issued rules and regulations directing all or nearly all governmental agencies, to prefer "permanent status" employees without veterans' preference as against "non-status" employees with veterans' preference with respect to retention in federal employment, retention of grade, rank and salary, and that all or nearly all of said governmental agencies have adhered to such rules and regulations. This count averred further that plaintiff Johnson is representative of the class (i. e. "non-status" government employees with veterans' preference), recognized by the Act of 1912; that all members of the class have a common right against defendants;

and that the parties plaintiff and defendant are too numerous to be made parties of record. It further averred that all defendants, by the issuance of "reduction-in-force" notices, were violating the Soldiers and Sailors Act of 1912.

The merits of the question presented, whether the statutes give "non-status" government employed veterans a retention preference over "permanent status" government employed nonveterans, was not determined below, for the trial court granted defendants' motion to dismiss the complaint, holding that the court was without jurisdiction inasmuch as plaintiffs had not exhausted their administrative remedy provided in certain regulations promulgated under the pertinent Acts of Congress.

Section 11 of the Veterans' Preference Act of 1944, Title 5, § 860, U.S.C.A., provides that: "The Civil Service Commission is hereby authorized to promulgate appropriate rules and regulations for the administration and enforcement of the provisions of this chapter." Section 12, Title 5, § 861, U.S.C.A., provides in part that: "In any reduction in personnel in any civilian service of any Federal Agency, *competing employees shall be released in accordance with Civil Service Commission regulations* which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * Provided further, That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees * * *." (Emphasis added)

The above sections clearly endow the Civil Service Commission with the power and authority to prescribe regulations concerning reduction in personnel, and the commission, in pursuance of such authority, has promulgated comprehensive regulations on the subject matter. 5 C.F.R. 1944, 1945, 1946 Supps., Sections 12.301 to 12.314 inclusive. Section 12.303 gives to nonveterans with "permanent civil service status" a higher retention preference than veterans "without permanent civil service status." Section 12.313 is, in part, as follows: "Any employee who feels that there has been a violation of his rights under Sections 12.-301 to 12.314 inclusive *may appeal to the*

*appropriate office of the Civil Service Commission* within 10 days from the date he received his notice of the action to be taken. This time limit may be extended only upon a showing by the employee that circumstances beyond his control prevented him from filing his appeal within the prescribed ten days." (Emphasis added) Thus, it seems clear that plaintiffs have an administrative remedy which they must exhaust before they apply to the court for relief. Myers v. Bethlehem Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796.

Plaintiffs contend that even if they have not exhausted their administrative remedies, they are properly in court because they challenge the Commission's authority to issue any regulations which attempt to give to nonveterans a retention preference over the statutory preference given to veterans. It is true that in Hilton v. Sullivan, 334 U.S. 322, 323, 68 S.Ct. 1020, the Supreme Court said that the Act of 1912 was an absolute command that no governmental department should drop a veteran with a rating of "good," and that Section 12 of the Act of 1944 is an embodiment of the command contained in the Act of 1912. But the jurisdictional question was not there raised, and, more important still, the case involved the relative retention rights of "permanent status" veterans as against "permanent status" nonveterans. The opinion is replete with references to "permanent status" employees, but contains no implication that the Veterans' Preference Statutes create an absolute command that "non-status" veterans be retained in governmental service.

In Wettre et al. v. Hague et al., 1 Cir., 168 F.2d 825, 826, the question of veterans' relative rights was presented. The trial court dismissed the complaint because plaintiffs had not exhausted the administrative remedy provided by Section 14 of the Veterans' Preference Act of 1944, 5 U.S.C.A. § 863. In reversing, the Court of Appeals said: "Since this (the complaint) clearly alleges a violation of the plaintiffs' legal rights under the applicable statute as it is now construed (in Hilton v. Sullivan, 334 U.S. 322, 323, 68 S.Ct. 1020), there is no longer any occasion for the requirement that they exhaust whatever administrative remedies they may have before seeking to vindicate their rights in court, for, as the Supreme Court said in Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 324, 90 L.Ed. 318, 'Of course, where the statute is so obviously violated that "a sacrifice or obliteration of a right which Congress * * * created" to protect the interest of individuals or the public is clearly shown, a court of equity could, in a proper case, intervene. Texas & N. O. R. Co. v. Brotherhood of Ry. & S. S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034; Virginian R. Co. v. System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789.' "

This case, too, involved the relative rights of "permanent status" veterans as against "permanent status" nonveterans; and it is apparent, from the decision in the Hilton case, that the defendants were clearly violating the law. Under such circumstances, it was entirely proper for a court of equity to intervene and enjoin an obviously illegal action.

■ But we are confronted with no such case. Ours is apparently one of first impression. There is a serious question as to whether Congress ever intended to give temporary or "non-status" veterans absolute retention rights over "permanent status" nonveterans. Under these circumstances, we think it was proper for the trial court to decline jurisdiction until the administrative agency had been given an opportunity to review the validity of its action. As the court said in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796: "The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings."

Defendants have also questioned the propriety of this cause as a class action against government officers and agencies. It will be remembered that in addition to the defendants specifically named, the amended complaint made defendants also "all departments and agencies of the United

States Government subject to the jurisdiction of the United States Civil Service Commission." Plaintiffs concede that there is no precedent for such a class action against government agencies. While we rest our decision on lack of jurisdiction because of failure to exhaust administrative remedies, we feel constrained to express our doubt as to the propriety of such actions; they could lead to utter chaos in governmental administration.

Defendants have presented other contentions, but in view of what has previously been said, we deem it unnecessary to discuss them. The decision of the District Court is affirmed.