**FARRELL et al. v. MOOMAU et al.**
No. 28912–E.

United States District Court
N. D. California, S. D.
July 18, 1949.

126

James E. Burns, San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, United States Attorney, Robert Peckham, Assistant United States Attorney, San Francisco, Cal., for defendants.

ERSKINE, District Judge.

This action involves the claims of plaintiffs to injunctive relief to prevent their removal from civil service positions with the Veterans Administration. Defendants moved to dismiss the complaint, or in the alternative for summary judgment. It **is** alleged in the complaint that plaintiffs received a notice in writing from the defendant E. B. Moomau entitled "Notice of Reduction in Force." Said notice stated that each of the plaintiffs would be separated from his employment, a necessary move to effect a reduction in force of the employees of the San Francisco District Office of the Veterans Administration pursuant to the rules and regulations of the United States Civil Service Commission.

The complaint alleges that since the plaintiffs at the time of the notice had efficiency ratings of "good" or better, they were entitled to mandatory preference over all competing non-veterans under the Act of 1912, 37 Stat. 360, 5 U.S.C.A. § 648 and the Veterans' Preference Act of 1944, **5** U.S.C.A. § 861. It is further alleged that unless proper relief is granted plaintiffs will be discharged from their present positions, while non-veteran employees will be retained in positions to which plaintiffs are rightfully entitled and qualified to occupy under the terms of the said statutes.

Defendants in support of their motion assert that the Court lacks jurisdiction of the subject matter in that this action is in the nature of an original action for a writ of mandamus; that it is a suit against the United States to which consent has not been granted; that there is a failure to join the Administrator of Veterans Affairs and the Civil Service Commissioners, who, defendants claim, are indispensable parties; and finally that the proposed discharges are fully authorized by law.

■ This Court concedes that insofar as this is an action for an original writ of mandamus this Court is without jurisdiction. 28 U.S.C.A. § 377 [now § 1651]. No power exists in this Court to enlarge the "competitive area", order the establishment of new positions, or the retention of the plaintiffs in their old positions irrespective of the administrative table of organization or budget appropriation, or to otherwise unduly interfere with the administrative process so long as it conforms to the applicable statutory commands and limitations.

However, it is the opinion of this Court that a distinction can be made between an action for a writ of mandamus to compel an official to restore a party to a position from which he had been wrongfully removed, Petrowski v. Nutt, 9 Cir., 161 F.2d 938, and an action to enjoin an allegedly illegal removal such as the case at bar.

■ The evidence tends to show that the provisions of the Veterans Preference Act of 1944, 5 U.S.C.A. § 861, have not been strictly adhered to in this instance. I feel, therefore, that the jurisdiction of this court extends to the protection of those rights which the Congress intended to extend to war veterans by the provisions of the aforementioned Act, and that a proper form of injunctive relief should be granted. Wettre v. Hague, 1 Cir., 168 F.2d 825; Levine v. Farley, 70 App.D.C. 381, 107 F.2d 186; Fischer v. Haeberle, D.C., 80 F.Supp. 652.

■■ The contention of the defendants that this is a suit against the United States, which has not consented to be sued, cannot be sustained. It has generally been held that the United States is not an indispensable party where, although the official acts under a valid statute, he actually

exceeded the authority with which the statute invested him. Work v. Louisiana, 269 U.S. 250, 46 S.Ct. 92, 70 L.Ed. 259; Payne v. Central Pac. Ry. Co., 255 U.S. 228, 41 S.Ct. 314, 65 L.Ed. 598; Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 56 L.Ed. 570.

The cases cited by defendants to the contrary are not controlling. Larson v. Domestic & Foreign Commerce Corporation, 1948, 69 S.Ct. 1457, holding that the United States was a party was based upon the fact that the controversy was over the question of title to property which would be taken from the United States if the plaintiff prevailed. Insular Police Comm. v. Lopez, 1 Cir., 160 F.2d 673 is also distinguishable in that the object of that action was to require affirmative official action reinstating the plaintiff on the government payroll and reimbursing him for his interim loss of salary. In contrast, the effect of the only decree possible in the case at bar would be the substitution of one person for another on the public payroll, with no additional drain on the public moneys.

■ Nor can the contention of defendants that the Administrator of Veterans' Affairs is an indispensable party be sustained. Any decree this Court could enter would not require that new positions be created or that new allocations be made for the payment of their salaries. As I see it the rule of Williams v. Fanning, 332 U. S. 490, 68 S.Ct. 188, 92 L.Ed. 95 allows a suit against the named parties alone.

■ Defendants are correct in their contention that the Civil Service Commission should be joined if a decree were contemplated requiring the alteration of the defined "competitive area", or requiring that any or all plaintiffs be declared "qualified" to fill any available positions. However, this Court has no power to invade the discretion of the Commission in that manner. Therefore I can see no reason to require that the Commission be joined.

There is an additional defense which is sometimes expressly raised, but which is often raised only collaterally in conjunction with the express defenses of failure of joinder of indispensable parties and sovereign immunity. This is the basic problem in all of these suits involving acts of government officials—whether the plaintiff has exhausted his administrative remedies. The real complaint is that the plaintiff has come into court too soon. Such is often the case. See Johnson v. War Assets Administration, 7 Cir., 171 F.2d 556.

■ However, as pointed out in Wettre v. Hague, supra, where the statute is clearly being violated, a plaintiff need not exhaust his administrative remedies, particularly where the plaintiff is faced with immediate discharge rather than merely a demotion in rank or salary. Compare Wettre v. Hague, supra, with Fischer v. Haeberle, D.C., 80 F.Supp. 652.

■ Turning to the facts of this case, it is the contention of the government that there are no positions which the plaintiffs are entitled to fill under the terms of the Veterans' Preference Act of 1944. The evidence of the plaintiffs, however, points to the opposite conclusion.

It is, therefore, the opinion of this Court that the defendants' motion to dismiss or, in the alternative, for summary judgment, be denied.

It is further ordered that defendants, and each of them, their agents, servants, employees and attorneys, collectively and individually, are enjoined during the pendency of this action from removing or separating plaintiffs from their present respective permanent classified civil service positions with the Veterans Administration or from terminating their present employment so long as there are competing nonpreference employees with equal or lower efficiency ratings holding positions within the competitive area which plaintiffs are qualified and willing to fill.