REEBER v. ROSSELL et al.

THALLER et al. v. KELLEY et al.

United States District Court
S. D. New York.
May 27, 1950.

110

Irving H. Saypol, United States Attorney, New York City, Nathan Skolnick, Orest V. Maresca, Asst. U. S. Attys., New York City, of counsel, for defendants.

Rogge, Fabricant, Gordon & Goldman, New York City, Murray A. Gordon, Jerome J. Bornstein, New York City, of counsel, for plaintiffs.

IRVING R. KAUFMAN, District Judge.

The Court has before it orders to show cause in the above-named actions why the defendants should not be enjoined pending the final hearing and determination of the actions from removing or separating the plaintiffs William N. Reeber and Harry G. Gilbert from their present positions with the Veterans' Administration or from reducing them in rank or salary. Similar requests for relief by the other plaintiffs in Civil Action No. 58-143 have been adjourned to a later date. Since the facts in the two actions are related, the orders to show cause will be considered together; the term "plaintiffs" will refer to Reeber and Gilbert; the "action" will mean the two actions, and the "defendants" indicates the officers of the Veterans' Administration named as defendants in the actions.

The fact situations alleged by the plaintiffs are substantially identical. Plaintiffs are honorably discharged disabled veterans of World War II who were employed subsequent to their military service in the Brooklyn Regional Office of the Veterans' Administration. A reduction in force at this office was ordered recently and plaintiffs were given separation notices by the defendants. Attempts were made prior to issuing the separation notices to re-assign both plaintiffs to positions in different classifications held by nonveterans, but it was concluded that the plaintiffs could not be so re-assigned for they were not "fully qualified" for these positions as provided in the Civil Service Commission's Retention Preference Regulations, Sec. 20-9(b), 15 F.R. 49 (1950). The plaintiffs appealed from this action of the defendants to the United States Civil Service Commission, Second Region. Reeber's appeal was denied and he then appealed to the Board of Appeals and Review of the Civil Service Commission in Washington, D. C. Reeber's appeal is now pending before that Board, and Gilbert's appeal is before the Second Region Board. Pending these appeals both plaintiffs have been ordered dismissed. So, while the administrative appeals are still pending, the administrative action has not been made inoperative. The administrative processes have therefore become and remain effective.

The plaintiffs have brought this action for a declaratory judgment, to declare the action of the defendants in separating them from their employment to be null and void and in violation of the Act of 1912, 5 U.S.C.A. § 648, and the Veterans' Preference Act of 1944, 5 U.S.C.A. § 861, called the "Acts" hereafter. They allege that they are basically qualified for other available positions presently held by nonveterans; that they are entitled to those positions by virtue of the aforementioned Acts, and that an efficiency rating of "good" or better is the sole qualification of their absolute right to the positions.

Plaintiffs also ask that the defendants, their officers, agents, servants, employees and attorneys, be enjoined from removing or separating them from their present positions or from reducing them in rank or salary.

Pending the final hearing and determination of this suit on the merits, plaintiffs now seek a preliminary injunction for the same injunctive relief sought in the complaint.

There are several objections to the jurisdiction and power of the Court to grant a temporary injunction in this action which must be considered at the outset.

The defendants contend that the allegation in the complaints that "the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs" as required by Section 1331 of Title 28, U.S.C.A., is sham since as of this moment plaintiffs have not been deprived of this amount, and may never be, depending on future circumstances. The sum claimed in good faith by the plaintiffs is controlling on the question of jurisdiction, and only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount can there be a dismissal on that ground. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. It is sufficient if the plaintiff show the threat of a loss exceeding the jurisdictional requirement, and where permanent civil service positions paying approximately $5,000 a year are threatened, as in this case, the Court believes the jurisdictional requirement has been satisfied. Cf. Carroll v. Somervell, 2 Cir., 1941, 116 F.2d 918.

Secondly, the defendants claim that the Administrator of Veterans' Affairs and the Chairman of the United States Civil Service Commission, neither of whom is within this Court's jurisdiction, are indispensable parties and that therefore the action should be dismissed. It is now settled that an administrative superior is not indispensable if "the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court." Williams v. Fanning, 1947, 332 U.S. 490, 494, 68 S.Ct. 188, 189, 92 L.Ed. 95. The decree which the Court is asked to grant in this case is directed solely at the officers in charge of the New York District Office of the Veterans' Administration. If granted, it will effectively give the relief desired and therefore the Administrator of Veterans' Affairs and the Chairman of the Civil Service Commission are not indispensable parties. Farrell v. Moomau, D.C. N.D.Cal.1949, 85 F.Supp. 125.[1]

The Administrator of Veterans' Affairs has merely issued an order directing a reduction in force in the Brooklyn Regional Office. The manner of effectuating this reduction is before the Court and is in the hands of the defendants. "Any decree this Court could enter would not require that new positions be created or that new allocations be made for the payment of their salaries." Farrell v. Moomau, supra, 85 F.Supp. at page 127. The Civil Service Commission may be more directly affected by this suit, since they have promulgated regulations upon which the validity of the plaintiffs' discharge is based. However, the Court is asked to construe federal statutes in this action, and not Civil Service regulations. Whereas the Civil Service Commission may be a proper party to the action, it is not indispensable.

The third contention of the defendants is that the decree here requested is in the nature of mandamus, which this Court cannot grant. 28 U.S.C.A. § 1651. That the Court cannot compel the restoration of the plaintiffs to their positions by writ of mandamus is conceded and it is for that very reason that the plaintiffs seek this injunction enjoining the defendants from proceeding with the allegedly illegal removal from office. See Farrell v. Moomau, supra. The Court believes that it has jurisdiction to protect rights granted in the Acts by means of injunctive relief.

We come then to the most substantial of defendants' jurisdictional objections; that plaintiffs have failed to exhaust their administrative remedies. Defendants claim that this is an absolute bar to judicial relief at this time.

This objection essentially involves not one, but two major considerations: (a) whether the requisite administrative rem-

1. Although the District Court in the Farrell case vacated on March 27, 1950, the preliminary injunction granted in the above decision, the new order did not effect any of the propositions of law for which this Court cites that case in this decision.

edies as a condition precedent to any judicial relief have been exhausted and (b) whether there exists jurisdiction in equity to grant the relief requested regardless of the stage of appellate proceedings, whether before an administrative agency or before a court of law. See Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 764, 67 S.Ct. 1493, 91 L.Ed. 1796. The exhaustion problem and that of equity jurisdiction are closely related.

Considering the first category mentioned above, application for relief to a court of law has been allowed in cases either where there existed a clear violation of a statute, or where application of administrative regulations was clear and no special familiarity with complicated factual situations peculiar to the field was required. Wettre v. Hague, 1 Cir., 1948, 168 F.2d 825; Breiner v. Wallin, D.C.E.D.Pa.1948, 79 F.Supp. 506; see Aircraft & Diesel Equipment Corp. v. Hirsch, supra, 331 U.S. page 773, 67 S.Ct. page 1503; Trans-Pacific Airlines v. Hawaiian Airlines, 9 Cir., 1949, 174 F.2d 63.

In this action plaintiffs claim primarily under the Act of 1912, Section 648, of Title 5 U.S.C.A., which provides in part that: "In the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped or reduced in rank or salary."

Without going too deeply into the merits of this action, it is apparent that the causes of action herein sufficiently allege a breach of the above unambiguous law; it is alleged that each plaintiff is a veteran; that each has permanent civil service status; that each has an efficiency rating of "good" or better; and that the defendants propose to dismiss the plaintiffs as part of a reduction in force. These allegations, furthermore, seem undisputed. The defendants claim however that the right granted in the above statute was limited by the Veterans' Preference Act of 1944. This assertion was considered by the Supreme Court in the case of Hilton v. Sullivan, 1948, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416, and the

Court, in re-affirming the clear mandate of the language quoted above from the Act of 1912, stated:

"There is nothing ambiguous about this 1912 provision. It was an absolute command that no governmental department should discharge, drop, or reduce in rank any honorably discharged veteran government employee with a rating of 'good.' Length of service in no way qualified the preference given the veteran. And subsequent executive orders not only recognized this provision as giving veterans an absolute preference, but also extended the preference to veterans in the field service and to positions not under civil service.

" * * * Consequently, a holding that veterans with a rating of 'good' no longer have a retention preference over nonveterans with longer service, would mean that passage of the Veterans' Preference Act in 1944 narrowed the long-existing scope of veterans' preferences in case of reduction in force of government personnel. The purpose of that Act's sponsors and of Congress in passing it appears to have been precisely the opposite—to broaden rather than narrow the preference." 334 U.S. at pages 336-337, 68 S.Ct. at page 1026.

The wisdom of the statute of 1912 is not before this Court. The Supreme Court recognized that under this Act a veteran who had been in the civil service only six months would be retained in the service in the event of a reduction of force as against a person with 25 years of service. See Hilton v. Sullivan, supra, 334 U.S. at page 339, 68 S.Ct. at page 1028. As Mr. Justice Black said: "Congress passed the bill with full knowledge that the long standing absolute retention preferences of veterans would be embodied in the Act. Petitioner makes an appealing argument against this policy. But it is a policy adopted by Congress, and our responsibility is to interpret the Act, not to overrule the congressional policy." (Id.)

It cannot be said that the plaintiffs have overlooked the Act of 1944; indeed they claim retention preference under Section 861 of that Act, Title 5 U.S.C.A., which

provides: "That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees and that preference employees whose efficiency ratings are below 'good' shall be retained in preference to competing non-preference employees who have equal or lower efficiency ratings."

At least two courts have stated that seeking judicial relief was proper under the circumstances present in this case . Farrell v. Moomau, supra; Wettre v. Hague, supra; contra: Breiner v. Wallin, D.C.E.D. Pa.1948, 79 F.Supp. 506.

Furthermore, there is no question peculiar to the administrative field which must be determined in the cases of these plaintiffs. The regulations issued by the Civil Service Commission and the Veterans' Administration are not in dispute; the question before the Court is essentially one of law, i. e., whether the regulations issued and steps taken by the defendant are in violation of the Acts of 1912 and 1944. Therefore, the Court believes that the bringing of the action by the plaintiffs at this time is proper. ·  ·

■ The Court also feels that an injunction could be granted solely in the exercise of its equity powers, even if this action had not been brought for a declaratory judgment, but only for an injunction to maintain the status quo during the pendency of the administrative proceedings. For example, in the case of West India Fruit & Steamship Co. v. Seatrain Lines, 1948, 170 F.2d 775, the Court of Appeals in this Circuit sustained the issuance of a temporary injunction by a district judge to maintain the status quo pending the termination of proceedings before the United States Maritime Commission. While it is true that the administrative agency sought the injunction on behalf of one of the parties in that case, the decision established the power of the Court to issue an injunction to prevent undue harm pending an administrative proceeding. The power should not be conditioned upon the granting or withholding of the approval of the administrative body. Accord: Isbrandtsen Co.

v. United States, D.C.S.D.N.Y.1948, 81 F. Supp. 544; see Note, Interim Injunctive Relief Pending Administrative Determination, 49 Columbia Law Review 1124.

■ It is evident that the status quo should be maintained in this action pending a final decision of the administrative agency, for if that decision is favorable to the defendants, irreparable harm will be done to the plaintiffs, who will not be able to obtain judicial relief ordering their restoration to their positions (if the administrative action dismissing them was improper). Petrowski v. Nutt, 9 Cir., 1947, 161 F.2d 938. It may be argued that plaintiffs should have first brought suit for an injunction and not for the declaratory judgment, so as not to interfere with the administrative proceedings. A declaratory judgment action accomplishes the same results, and in a more expeditious and effective manner, than an injunction suit pending an administrative determination, followed by a suit to review an adverse determination. The declaratory judgment action does not interfere with present appeals now pending before appellate boards of the Civil Service Commission. If those appeals are decided in favor of the plaintiffs, their declaratory judgment action will become moot and be dismissed; if the decisions are unfavorable, and the dismissals of the plaintiffs are sustained, they can continue to pursue their judicial action.

■ It is therefore the holding of this Court that there is no procedural or jurisdictional bar to the granting of the relief now sought by the plaintiffs. As to the substantive right to such relief, the plaintiffs, as mentioned above, do show a right to the relief requested in their action, and it appears to this Court that they will be irreparably damaged if the temporary injunction is not granted, there being no adequate remedy at law. .

Therefore, the defendants are enjoined from separating the plaintiffs Reeber and Gilbert from their present positions in the Veterans' Administration or from reducing them in rank or salary pending the determination of this action.