**LEEDS et al. v. ROSSELL et al.**

United States District Court
S. D. New York.

Nov. 2, 1951.

1. No opinion for publication.

Davis, Wagner, Hallett & Russell, by Stanley H. Borak, Sanford J. Leeds, New York City, and Samuel J. Hasson, Brooklyn, N. Y., for plaintiffs.

Myles J. Lane, by Richard P. Donovan, and Thomas V. O'Keefe, New York City, for Veterans Administration.

BONDY, District Judge.

This action was brought against the defendants for a judgment declaring that the action of the defendants in separating plaintiffs from their employment in the Veterans Administration was illegal and violated the Veterans' Preference Act of June 27, 1944, 58 Stat. 387, 5 U.S.C.A. §§ 851–869, and for an injunction to restrain defendants from removing plaintiffs from their present positions or reducing them in rank or salary, and the plaintiffs are now moving for a preliminary injunction to prevent such separation from employment pending final determination of this action.

Plaintiffs being honorably discharged war veterans are preference employees in the Veterans Administration and have received efficiency ratings of "good" or better and all have been classified as having the highest retention status. Their salaries ranged from $4,325 to $5,225 per annum. Two of the defendants are officers in the New York Regional Office of the Veterans Administration, and the other is the Regional Director of the Second United States Civil Service Region.

On September 10, 1951, the plaintiffs were notified that their employment would be terminated, effective as of October 10, 1951, on account of reduction in force required by the lack of appropriations, and that they had rights for transfer or reassignment

within the Veterans Administration in the same geographical location under certain conditions.

The plaintiffs thereupon appealed to the Second Regional Office of the Civil Service Commission in accordance with Sec. 20.13 of the Commission's regulations and the appeals are still pending.

The plaintiffs contend they were not given written notice of the reasons for the proposed action before it became effective, nor allowed a reasonable time for answering the notice personally and in writing and for furnishing affidavits in support of their answers, as required by 5 U.S.C.A. § 863, and that they were not accorded the statutory rights to be retained in preference to competing employees over whom plaintiffs have superior retention status as provided by 5 U.S.C.A. § 861. They contend that they are entitled to displace competing nonpreference employees anywhere in the entire classified civil service, and that there were such in the very office in which they were employed as well as in other offices of the Veterans Administration. They urge that the Commission could not, by rules or regulations, provide that their reassignment in lieu of separation be limited to the local commuting area, and that no displacement will be required unless they are qualified to perform the duties of the position in question without undue interruption of work, Civil Service Regulation 20.9(b), and that if the separation is effected as of October 10, they will suffer irreparable damage.

■ The provisions of 5 U.S.C.A. § 863, which require the giving of at least 30 days advance written notice, stating the reasons in detail for any proposed action, and an opportunity to be heard before appeal to the Civil Service Commission, refer to a discharge for cause. They do not apply to separation from employment on account of reduction in force, which is governed by 5 U.S.C.A. § 861. Ashley v. Ross, D.C.Cir., 1951, 191 F.2d 655.

Section 861 provides that in reduction of personnel in any civilian service of any federal agency, competing employees shall be released in accordance with Civil Service regulations, and that preference employees whose efficiency ratings are "good" or better shall be retained in preference to all competing nonpreference employees.

The plaintiffs' contention that competing employees with lower retention status than plaintiffs' are being retained in preference to plaintiffs is denied by defendants who in answering affidavits set forth the efforts they made to ascertain positions acceptable to plaintiffs for which plaintiffs were qualified.

These contentions raise the questions whether the veterans' preference enacted by Congress, 5 U.S.C.A. § 861, is violated by the regulations of the Civil Service Commission Secs. 20.9, 20.2(e), (f), and whether there are, in fact, nonveterans employed in civil service whom the plaintiffs under Section 861 and the Civil Service regulations are entitled to displace, and whether the plaintiffs have the qualifications for those positions.

■ Congress, in establishing a preference for veterans over "competing employees", Sec. 861, without defining the words "competing employees", must have intended that the Commission determine in the first instance which nonpreference employees compete. See Elder v. Brannan, 341 U.S. 277, 283, 71 S.Ct. 685, 95 L.Ed. 939.

■ The regulations, that a preference employee must be qualified for the position to which he is to be reassigned, and that such positions must be limited to those within the local commuting area and within the same agency, do not conflict with the Act and are not clearly unreasonable. Alter v. Gray, Civil No. 3181–50, D.C.D.C., October 17, 1951.[1] See 38 Op.Atty.Gen. 79, 83 (1934).

In the case heavily relied on by plaintiffs, Reeber v. Rossell, D.C., 91 F.Supp. 108, in which a preliminary injunction was granted notwithstanding there were administrative appeals pending, it does not appear that any substantial question of fact was involved and the court found that the undisputed

1. No opinion for publication.

**484**

facts established a violation of plaintiff's rights.

The Commission has provided procedure for administrative appeals. Secs. 20.13, 20.14.

All parties concede that these are available to plaintiffs in the instant case, that appeals before the Regional Office of the Civil Service Commission are now pending, and that plaintiffs have further right of Appeal to the Commissioners of the United States Civil Service Commission. It is apparent that plaintiffs have not exhausted their administrative remedies. See Fischer v. Haeberle, D.C., 80 F.Supp. 652.

█ Although it has been held in this District that the court may enjoin administrative action dismissing an employee notwithstanding that an administrative appeal is pending, for the purpose of preserving the judicial remedy, because the injunction would not interfere with pending administrative appeals, and this court would have no power to reinstate the employee after his dismissal, Reeber v. Rossell, supra, it is only under the most unusual circumstances that a court will enjoin administrative action while an administrative appeal is pending or available. See Aircraft & Diesel Corp. v. Hirsch, 331 U.S. 752, 773–774, 67 S.Ct. 1493, 91 L.Ed. 1796; Breiner v. Wallin, D.C., 79 F.Supp. 506.

Nor can it be said that wrongful separation of plaintiffs from their employment would cause them irreparable harm. In any case, they can bring an action for reinstatement in the District Court for the District of Columbia which has power to grant mandamus, and the Court of Claims can determine all damage the plaintiffs sustained by reason of any wrongful removal.

█ Assuming, without deciding, that the court has the power in this action to grant a preliminary injunction enjoining the termination of plaintiff's employment, notwithstanding that plaintiff's administrative remedies have not yet been exhausted, the court is of the opinion that under the circumstances the power should not be exercised.

Motion accordingly must be denied.