## GROUP v. FINLETTER.

### Civ. A. No. 4331–52.

United States District Court
District of Columbia.
Nov. 5, 1952.

Carl L. Shipley, Washington, D. C., for plaintiff.

Ross O'Donoghue, Asst. U. S. Atty., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Plaintiff has brought an action for a declaratory judgment that defendant has acted illegally in attempting to reduce plaintiff in rank. Plaintiff also seeks a temporary injunction restraining the defendant from reducing plaintiff to such rank pending final determination of this action. Admittedly, plaintiff has not yet exhausted his administrative remedy. Only the initial step has been taken by the defendant in the reallocation of the position. Therefore, what plaintiff seeks is a trial of the issues involved by this Court before the administrative procedure has been exhausted and the invoking of the equitable powers of this Court to enjoin defendant until the issues can be tried.

Title 5 U.S.C.A. §. 863 under which defendant acted in reclassifying plaintiff provides that no permanent civil service employee who is a veteran can be reduced in rank or compensation without thirty days' notice, a detailed statement of reasons and a reasonable time to answer and provide affidavits.

With respect to administrative procedure, defendant has complied with § 863 in the attempt at reallocation (defendant's exhibit No. 1). However, the plaintiff asserts that the defendant is acting illegally and in complete contravention of his rights as a veteran.

Plaintiff is an Aircraft Inspector G.S.-12, is a veteran and is a member of the permanent classified civil service. Plaintiff alleges in his complaint that defendant is about to reduce him in rank and compensation as an Aircraft Inspector in violation of his rights to be retained in his present position in preference to all nonveterans or persons with less retention credit than plaintiff.

Plaintiff's motion for an injunction is further supported by an affidavit in which he swears on information and belief that certain named employees have less retention credits than plaintiff or are nonveterans and yet have not been demoted in any reallocation of the job by the employing agency. Plaintiff further sets forth in his affidavit that the employing agency has undertaken his demotion in order to make a place for an air force officer soon to be released from military duty; that the employing agency has made no effort to place deponent in another G.S.–12 position or any position higher than G.S.–9 despite the fact that deponent believes that said agency has many positions of that rank and salary now held by nonveterans or veterans with less detention credits than deponent.

■ Defendant has filed no counter-affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A.

■ Defendant contends that plaintiff is not entitled to an injunction because he has failed to exhaust his administrative remedy and relies upon the doctrine set forth in Leeds v. Rossell, D.C., 101 F. Supp. 481, that the Court will not in the absence of unusual circumstances enjoin administrative action dismissing an employee while an administrative appeal is pending or available.

While this Court recognizes that to be sound law, it is also the law that where it is undisputed that a plaintiff's legal rights are being violated, there is no longer any occasion for the requirement that plaintiff exhaust whatever administrative remedies he may have before seeking to vindicate his rights in Court. Wettre v. Hague, 1 Cir., 168 F.2d 825, 826. See also Reynolds v. Lovett, D.C.Cir., 201 F.2d 181. In the Wettre case, supra, the Court cited the case of Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 90 L.Ed. 318, wherein it was stated:

> "Of course, where the statute is so obviously violated that 'a sacrifice or obliteration of a right which Congress * * * created' to protect the interest of individuals or the public is clearly shown, a court of equity could, in a proper case, intervene." [168 F.2d 826.]

It will be noted in the Leeds v. Rossell case, supra, that the question of whether plaintiffs' rights were violated was clearly

put in issue, for the Court said, 101 F. Supp. on page 483 of that opinion:

"The plaintiffs' contention that competing employees with lower retention status than plaintiff's are being retained in preference to plaintiffs is denied by defendants who in answering affidavits set forth the efforts they made to ascertain positions acceptable to plaintiffs for which plaintiffs were qualified."

The Court later in the opinion said also:

"In the case heavily relied on by plaintiffs, Reeber v. Rossell, D.C., 91 F.Supp. 108, in which a preliminary injunction was granted notwithstanding there were administrative appeals pending, it does not appear that any substantial question of fact was involved and the court found that the undisputed facts established a violation of plaintiff's rights."

So it is in the case at bar. There have been no answering affidavits and the undisputed facts establish a violation of plaintiff's rights so that Leeds v. Rossell, supra, is not in point but the case of Reeber v. Rossell, D.C., 91 F.Supp. 108, and the Wettre case, supra, are similar to the instant case. See also Farrell v. Moomau, D.C.Cal. 1949, 85 F.Supp. 125; Johnson v. War Assets Administration, 7 Cir., 1949, 171 F.2d 556. Also in Akelmacker v. Kelly, D.C., 101 F.Supp. 528, the Court denied an injunction because the Court said in its opinion that it was far from clear from the undisputed facts that there was a clear violation of the statutory rights of plaintiff.

Thus to summarize the law, it would appear that Courts do not ordinarily invoke their equitable powers to enjoin administrative acts where the administrative machinery has not been exhausted. It is only in the most unusual circumstances that the courts of equity should intervene. However, where there is a clear violation of plaintiff's legal rights, there is no longer any occasion for plaintiff to exhaust administrative remedies before seeking vindication in Court. Therefore, upon the prima facie showing by plaintiff, the Court

has concluded that he is entitled to injunctive relief enjoining the defendant from taking any further action in connection with the reallocation of his position until the matter has been litigated by this Court. This Court, however, does not relieve plaintiff from exhausting fully whatever administrative procedure is provided for by law. If plaintiff is able to convince the administrative officials in his appeal that his rights are being violated then, of course, the trial of issues herein will not be necessary.