**WEST INDIA FRUIT & STEAMSHIP CO.,
Inc., et al. v. SEATRAIN LINES, Inc.**

No. 81, Docket 21126.

United States Court of Appeals
Second Circuit.

Nov. 5, 1948.

778

Rathbone, Perry, Kelley & Drye, of New York City (Nicholas Kelley and T. R. Iserman, both of New York City, Arthur L. Winn, Jr., of Washington, D. C., Frank H. Heiss and Edward K. Bachman, both of New York City, of counsel), for appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (Roscoe H. Hupper, John L. Galey, and Norman M. Barron, all of New York City, and William Radner, Odell Kominers, and Henry G. Fischer, all of Washington, D. C., of counsel), for appellee West India Fruit & Steamship Co., Inc.

Paul D. Page, Jr., and George F. Galland, both of Washington, D. C., for United States Maritime Commission.

Hirsh, Shalleck, Krakower & Gelwan, of New York City, for intervenor Port of Palm Beach District.

Bleakley, Platt, Gilchrist & Walker, of New York City, for intervenor Trustees of Florida East Coast Ry. Co.

Purrington & McConnell, of New York City, for intervenor Empresa Naviera de Cuba, S. A.

Tompkins, Boal & Tompkins, of New York City, and Terriberry, Young, Rault & Carroll, of New Orleans, La., for intervenor Lykes Bros. Steamship Co., Inc.

Kreutzer, Heller & Selman, of New York City, for intervenor J. M. McCauley & Son.

Winn, Graubard & Shapiro, of New York City, for intervenors Port Commission of City of Beaumont, Lake Charles Harbor & Terminal District, etc.

Bernstein, Weiss, Tomson, Hammer & Parter, of New York City (Michael C. Bernstein and Eugene M. Parter, both of New York City, of counsel), for intervenor Piowatz-Bergart Co., Inc.

Battle, Levy, Fowler & Neaman, of New York City, for intervenor, Dakota Chief Sales Co.

John P. McGrath, of New York City (Seymour Quel and Charles F. Preusse, both of New York City, of counsel), for intervenor City of New York.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Defendant, Seatrain, contends that the district court lacked power to issue an injunction in aid of the Commission, regardless of the facts. We cannot agree, especially as the Commission has intervened as a party plaintiff. See California v. United States, 320 U.S. 577, 584, 585, 64

S.Ct. 352, 88 L.Ed. 322; F.R.C.P. 24(b) as recently amended; S. E. C. v. U. S. Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293; Berger, Intervention by Public Agencies in Private Litigation in the Federal Courts, 50 Yale L. J. (1940) 65. We consider inapposite U. S. Navigation Co. v. Cunard, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408. That decision imposed limitations on the power of the courts to interfere with the exercise of an administrative agency's powers. Here the court was asked to assist the Commission by preserving the status quo until it could determine whether it had statutory jurisdiction, and, if so, how it should act. Appellant relies on S. E. C. v. Long Island Lighting Co., 2 Cir., 148 F.2d 252. This court as at present constituted does not agree with that decision. Moreover, the Supreme Court by granting certiorari, accompanied by a stay,[1] wiped out that decision's practical effects.[2] In any event, the rationale of the Long Island case lacks pertinence here; for there the majority rested its conclusion on a holding that the S. E. C. unmistakably lacked any possible jurisdiction; on the facts now before us, we are unable so to hold as to the Commission here. On that basis, the district court had authority to issue an injunction.

2. In exercising his discretion, the trial judge was obliged, of course, to balance the harms the injunction might do to the respective parties. Having in mind the statutory provision for award of damages by the Commission, we cannot say that he decided erroneously.

Appellant emphasized a fact apparently not called to the attention of the district judge, i. e., the damage to appellant which would result if the Conference made contracts enduring for the calendar year 1949. Whether because of that fact, the issuance of the injunction should be deemed an abuse of discretion, we need not decide, in the light of the telegram quoted above. Considering that telegram, we remand with directions that the injunction be made con-

ditional upon all members of the Conference joining in the offers contained in the telegram and in oral argument, and that they consent that the cancellation date be extended until December 1, 1948 or, if the Commission has not then entered its decision, until thirty days after such decision. The injunction should also be modified so that if any of the Conference steamship lines reduce their rates, Seatrain will be permitted to make a corresponding reduction. It goes without saying that we do not decide that defendant has violated the statute.

Modified and affirmed.

---

[1] 324 U.S. 837, 65 S.Ct. 869, 89 L.Ed. 1401.

[2] Presumably because of the practical effects of the stay, the Supreme Court, holding the case moot, vacated the judgment of this court, and directed the district court to dismiss the complaint. 325 U.S. 833, 65 S.Ct. 1085, 89 L.Ed. 1961.