**ISBRANDTSEN CO., Inc. v. UNITED STATES et al.**

United States District Court
S. D. New York.
Dec. 20, 1948.

---

John J. O'Connor and William L. Mc-Govern, both of Washington, D. C., for plaintiff.

John F. X. McGohey, of New York City, Walter K. Bennett, Sp. Asst. to the Atty. Gen., Antitrust Division, and Joseph E. McDowell, Sp. Asst. to the Atty. Gen., for the United States.

Paul D. Page, Jr., and George F. Galland, both of Washington, D. C., for U. S. Maritime Commission.

Burlingham, Veeder, Clark & Hupper, of New York City (Roscoe H. Hupper, of New York City, of counsel), for defendant carriers.

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for Lykes Bros. Steamship Co., Inc.

Before FRANK, Circuit Judge, and RIFKIND and KAUFMAN, District Judges.

RIFKIND, District Judge.

We are all in agreement that a temporary injunction should issue to maintain the status quo pending further proceedings to adjudicate the legality of the Conference agreements and the action contemplated pursuant thereto.

It may be that the "exclusive patronage" provisions are prohibited by 46 U.S.C.A. § 812[2] and that the Commission is powerless to approve such provisions under 46 U.S.C.A. § 814. Very considerable doubt upon such a holding is thrown by Swayne & Hoyt, Ltd., v. U. S., 1937, 300 U.S. 297, 306, 307 and note 3, 57 S.Ct. 478, 81 L.Ed. 659, and by the legislative history of the statute, H.R.Doc. No. 805, 63rd Cong., 2nd Sess., 1914, 287–292.

But we need not decide that question now. The statute is not very explicit in its provision of an administrative remedy. It does, however, provide, 46 U.S.C.A. § 814, that the Commission may cancel or modify any agreement " * * * whether or not previously approved by it * * * ", and for fifteen years the Commission has followed a procedure for reviewing on its own motion, Pacific Coast European Conference Agreement, 1948, 3 U.S.M.C. 11, and for hearing complaints concerning agreements previously approved by it. Cf. Olsen v. Blue Star Line, Ltd., 1941, 2 U.S.M.C. 529; Rawleigh v. Stoomvart, 1933, 1 U.S.S.B. 285. That procedure has not yet been availed of by plaintiff. We should not at this stage pass on the validity of the agreements before the Commission, in accordance with its established procedure, has had an opportunity to pass thereon in an adversary proceeding.

But were the defendant carriers to institute their exclusive patronage system pending the Commission's decision upon such a proceeding, the plaintiff would be

---

[2] Section 14 of the Shipping Act, 46 U.S.C.A. § 812, prohibits deferred rebates and retaliation by discriminating or un-fair methods against a shipper because such shipper has patronized any other carrier.

gravely prejudiced. Since the Commission disclaims the power to afford temporary relief, and the equitable power of the court to preserve the status quo to protect the rights of all concerned has not been withdrawn by statute,[3] an injunction as prayed should issue, conditioned on the plaintiff's diligent prosecution before the Commission of a complaint challenging the validity of the agreements. The defendant carriers' motion to dismiss the action is denied.

[3] In West India Fruit & S. S. Co., Inc., v. Seatrain Lines, Inc., 2 Cir., 170 F.2d 775, the Court of Appeals sustained an injunction granted with the Commission's approval on the theory that the Commission itself lacked power to grant relief pending its determination on a formal complaint. Cf. 28 U.S.C.A. § 2324; 5 U.S.C.A. § 1009.