**UNITED STATES of America,**
**Petitioner,**

v.

**BORAX CONSOLIDATED, Ltd., et al.,**
**Defendants.**

**No: 23690.**

United States District Court
N. D. California, S. D.
Dec. 9, 1955.

Leonard G. James, Graham, James & Rolph, San Francisco, Cal., for Pacific Coast European Conference.

Moses Lasky, Brobeck, Phleger & Harrison, San Francisco, Cal., Ray J. Cole-

man, Coleman & McDonald, Los Angeles, Cal., for defendants Borax Consolidated, Ltd., and Pacific Coast Borax Co.

Lyle L. Jones, William B. Richardson, Anti-Trust Division, Department of Justice, San Francisco, Cal., for petitioner, the United States.

Martin A. Meyer, Jr., Oliver & Donnally, Washington, D. C., for American Potash & Chemical Corp.

Alan F. Wohlstetter, Denning & Wohlstetter, Washington, D. C., Pillsbury, Madison & Sutro, San Francisco, Cal., for Mitsui S. S. Co., Ltd., and William J. Rountree Co., Inc.

GOODMAN, District Judge.

This Court has heretofore retained jurisdiction of this anti-trust proceeding for the purpose of enforcing compliance with the final decree entered herein against defendants. The United States has now applied for an order restraining defendants as well as the Pacific Coast European Conference of steamship lines from engaging in practices allegedly in violation of the decree. The practices sought to be enjoined consist of efforts by defendants and the Conference to cause certain customers of defendants to ship borax products purchased from defendants exclusively on Conference vessels. The Conference contends that the use of its vessels by these customers of defendants is required by a Shippers Rate Agreement between the Conference and defendants. Defendants disagree with this interpretation of the rate agreement, but, at the insistence of the Conference, have endeavored to secure compliance by their customers.

■ The rate agreement has been approved by the Federal Maritime Board. Thus the rate agreement and acts done pursuant to it are, by the Shipping Act of 1916, exempt from the provisions of the Anti-Trust statutes. 39 Stat. 733, 46 U.S.C.A. § 814. The United States has recognized that the jurisdiction to initially determine whether the Conference has correctly interpreted the agreement is vested in the Federal Maritime Board by the Shipping Act. Restraint is sought here only until such time as it has been finally determined, in a proceeding now before the Board, whether the practices complained of are permitted by the rate agreement.

■■ But, the United States has not invoked the aid of this Court as a party who will be irreparably damaged by the practices of defendants and the Conference unless they are restrained pending the determination of the Board. Isbrandtsen Co. v. United States, D.C.S.D. N.Y.1948, 81 F.Supp. 544. The Government is before the Court solely as the plaintiff in an anti-trust proceeding. The Congress has entrusted the Federal Maritime Board with the exclusive preliminary jurisdiction to determine whether acts done pursuant to rate agreements of the maritime shipping industry are immunized by the Shipping Act from the provisions of the Anti-Trust statutes. Far East Conference v. United States, 1952, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576; United States Navigation Co. v. Cunard Steamship Co., 1932, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408.

The petition of the United States, therefore, must be and hereby is dismissed.