RANDOLPH, Circuit Judge,
dissenting:
Students of federal courts will be surprised to learn that district judges have jurisdiction to issue preliminary injunctions in cases in which they have no jurisdiction to issue permanent injunctions. That is the majority’s position here.
*460 I have no quarrel with the majority’s point that the district court had jurisdiction to determine whether § 7(a) of the Military Commissions Act, stripping that court of jurisdiction, was unconstitutional. But I cannot see how this bears on the question before us. The district court has already decided that circuit precedent compelled it to uphold the statute, as indeed it did. It therefore makes no sense to send the case back to the district court so that it may decide whether to issue a temporary injunction in aid of its jurisdiction to decide something it has already (correctly) decided.
This should have been a very simple case. Instead it has been turned into a tangle. All we had to do was issue a stay under the All Writs Act, 28 U.S.C. § 1651, preventing Belbacha’s transfer to Algeria pending the Supreme Court’s decision in Boumediene v. Bush, 476 F.3d 981 (2007), cert. granted, — U.S. -, 127 S.Ct. 3078, 168 L.Ed.2d 755 (2007). We would do so for the traditional reasons — because there is a substantial chance the Court’s decision will affect Belbacha’s case and because he would suffer irreparable harm. See, e.g., Va. Petroleum Jobbers Ass’n v. Fed. Power Comm’n, 259 F.2d 921, 925 (D.C.Cir.1958); W. India Fruit & S.S. Co. v. Seatrain Lines, Inc., 170 F.2d 775 (2d Cir.1948), cited with approval in FTC v. Dean Foods Co., 384 U.S. 597, 604, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). I thus believe we should have simply continued the stay this court issued on December 31, 2007.